[Civ. No. 7648. Second Appellate District, Division Two.—March 24, 1933.]

KARL V. BENNIS, Respondent, v. T. E. YOUNG, Appellant.

[Civ. No. 7649. Second Appellate District, Division Two.—March 24, 1933.]

NINA BENNIS, Respondent, v. T. E. YOUNG, Appellant.

George L. Greer for Appellant.

Fred J. Furman and A. J. Verheyen for Respondents.

WORKS, P. J.—These two causes were tried together and they may be properly disposed of by a single opinion here. The respective plaintiffs are husband and wife. They sue defendant for damages resulting from an automobile collision which occurred at a street intersection. Plaintiffs were in their car together, the husband driving. Defendant was driving his car. The two vehicles approached the intersection at right angles to each other and the occupants of each car could see the other as they approached the intersection for a distance of more than two hundred feet. Appellant says the distance may have been as much as five hundred feet. A separate judgment went for each plaintiff and defendant appeals separately from each.

Appellant confesses negligence on his part, but contends that the evidence shows without contradiction that respondent driver was guilty of contributory negligence which was the proximate cause of the catastrophe. Appellant considers the incident as one in which he and Bennis were engaged in a speed contest to determine which car could be propelled across the intersection before the other. Appellant strikingly says: "Can such a race (in law) be left to a game of chance, and may a jury be the sole judges of such a speed contest?"

Bennis was traveling upon a paved highway and Young upon a graveled, oiled road. There was evidence to the effect that Young made his approach to the intersection at

the rate of about 40 miles the hour and maintained that rate of speed until the instant of the collision. There is also conflicting evidence that he approached the intersection at the rate of 18 or 20 miles the hour and that he could stop his car within 6 or 7 feet from a speed of 20 to 25 miles per hour. There is testimony that Bennis approached the intersection at a speed of from 30 to 35 miles and also that he slowed to about 20 before negotiating the intersection, as well as other evidence that he did not alter his speed at all. With this evidence, and with the further consideration that Bennis had the right of way by two sanctions, viz., having entered the intersection first and being on the right as the two approached the intersection, it seems clear to us that the jury had ample evidence before it from which it could reasonably conclude that Bennis drove his car with all of the care which the law required him to exercise in the premises. The jury's conclusion that Young's negligence was the proximate cause of the collision is sustained by the evidence.

The judgments are affirmed.

·Craig, J., and Stephens, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 22, 1933.